# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE M. M.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | Case No. 5:20-cv-00360-AFM <br><br> **MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her applications for disability insurance benefits. In accordance with the Court's case management order, the parties have filed briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## BACKGROUND

On November 30, 2016, Plaintiff applied for disability insurance benefits, alleging disability beginning November 5, 2015. Plaintiff's application was denied initially and upon reconsideration. (Administrative Record ["AR"] 95-100, 101-106.)

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

A hearing took place on March 28, 2019 before an Administrative Law Judge ("ALJ"). Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified at the hearing. (AR 37-65.)

In a decision dated April 11, 2019, the ALJ found that Plaintiff suffered from the following severe impairments: "degenerative joint disease of the bilateral hips, status post total replacement; bilateral carpal tunnel syndrome, status post carpal tunnel release; and degenerative joint disease of the bilateral knees, right shoulder, and right hand." (AR 20.) After finding that Plaintiff's impairments did not meet or equal any listed impairment (AR 21), the ALJ assessed Plaintiff with the residual functional capacity ("RFC") to perform a limited range of light work as follows: lifting, pushing, and pulling is limited to 10 pounds frequently and occasionally; occasional overhead reaching with the dominant right upper extremity; frequent handling and fingering with the dominant right upper extremity; occasional climbing ramps and stairs; never climbing ladders, ropes, or scaffolds, kneeling, or crawling; frequent balancing, stooping, and crouching; and no exposure to hazards such as machinery or unprotected heights. (AR 22.) Relying on the testimony of the VE, the ALJ concluded that Plaintiff was unable to perform her past relevant work, but was able to perform other work existing in significant numbers in the national economy. (AR 29-31.) Accordingly, the ALJ found Plaintiff not disabled. (AR 31.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 1-5), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUE**

Whether the ALJ erred in her assessment of Plaintiff's subjective complaints.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial

evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. In the social security context, the threshold for substantial evidence is "not high." *Biestek v. Berryhill*, 139 S. Ct. 1149, 1154 (2019). This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

Where, as here, a claimant has presented evidence of an underlying impairment that could reasonably be expected to produce pain or other symptoms, the ALJ must "evaluate the intensity and persistence of [the] individual's symptoms ... and determine the extent to which [those] symptoms limit his ... ability to perform work-related activities ...." SSR 16–3p, 2016 WL 1119029, at *4. Absent a finding that the claimant is malingering, an ALJ must provide specific, clear and convincing reasons before rejecting a claimant's testimony about the severity of her symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-1015 (9th Cir. 2014)). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain."

*Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991) (en banc)).

Factors an ALJ may consider in evaluating the claimant's subjective symptoms include conflicts between the claimant's testimony and the claimant's conduct – such as daily activities, work record, or an unexplained failure to pursue or follow treatment – as well as ordinary techniques of credibility evaluation, such as internal contradictions in the claimant's statements and testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). In addition, an ALJ may not disregard a claimant's testimony solely because it is not substantiated by objective medical evidence, although the lack of medical evidence is a factor that the ALJ can consider in making a credibility assessment. *Burch v. Barnhart*, 400 F.3d 676, 680-681 (9th Cir. 2005).

In discounting Plaintiff's allegations and testimony concerning her symptoms, the ALJ here found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 26.) The Ninth Circuit has observed that a version of this boilerplate statement is routinely included in an ALJ's decision "as an introduction to the ALJ's credibility determination" after which the ALJ "typically identify what parts of the claimant's testimony were not credible and why." *Treichler*, 775 F.3d at 1103.

The ALJ provided two additional reasons for the credibility determination: (1) the claimant's subjective statements "are inconsistent with the objective medical evidence" (AR 26), and (2) "claimant's daily activities are inconsistent with the claimant's statements about the intensity and persistence of symptoms" (AR 27).

An ALJ may not rely solely on lack of objective evidence to support a credibility determination. *See Burch*, 400 F.3d at 681; *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). However, it is also true that a contradiction between a claimant's subjective complaints and specific medical evidence may constitute a distinct basis for discounting the claimant's subjective symptom allegations. *See Sills*

*v. Astrue*, 2013 WL 782076, at *3 (C.D. Cal. Mar. 1, 2013) ("there is an analytical difference between a lack of corroborating medical evidence and a contradiction between subjective claims and existing medical evidence") (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). Accordingly, an ALJ may properly rely upon a contradiction between a claimant's allegations and the medical evidence in reaching a credibility determination. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony."); *Garcia v. Comm'r of Soc. Sec. Admin.*, 498 F. App'x 710, 711 (9th Cir. 2012) (claimant's testimony properly discounted based on contradiction between that testimony and his doctor).

Here, the ALJ's decision does not clearly describe a contradiction with the medical evidence – as opposed to a lack of support in the objective medical record. Notably, although the ALJ used the word "inconsistent," the decision did not cite medical evidence that affirmatively contradicted Petitioner's subjective complaints. *Cf. Morgan,* 169 F.3d at 599-600 (finding ALJ provided clear and convincing reasons for rejecting claimant's testimony where ALJ noted that, "contrary to Morgan's claims of lack of improvement, Dr. Reaves reported that Morgan's mental symptoms improved with the use of medication"). Instead, the ALJ's discussion focuses on the lack of objective evidence and points to "mild" and "unremarkable" findings from examinations and imaging. (AR 26-27.) Thus, notwithstanding the Commissioner's arguments, the Court concludes that the first reason for the ALJ's adverse credibility finding is based upon the lack of supporting objective evidence – which by itself is legally insufficient.

The ALJ also gave a second reason, i.e., that Plaintiff's daily activities are inconsistent with her subjective complaints. Specifically, the decision states, "the claimant alleged requiring assistance from her husband and her adult [child] for daily functioning . . . However, at one point or another in the record, either in forms

completed in connections with the application and an appeal, in medical reports or records, or in claimant's testimony, the claimant has described activities of daily living, which are not limited to the extent one would expect, which are not limited to the extent one would expect, given the complaints of disabling systems and limitations." (AR 27.) The ALJ then noted that Plaintiff reported she can dress and bathe herself, do household chores, run errands, shop, cook, go places by herself, take of four foster children and do activities around the house. (*Id.*) The ALJ found these activities to be inconsistent with the alleged timing and persistence of Plaintiff's pain symptoms, limitations and loss of functionality. (*Id.*)

Plaintiff argues that the ALJ's decision does not fairly and accurately describe what Plaintiff herself has said she can do. Plaintiff states that her testimony and statements in reports show that she cannot do these activities on a regular and reliable basis and that she frequently requires the assistance of her husband and her adult daughter. In addition, Plaintiff argues that her daily activities do not equate to the ability to do full-time employment. As a result, Plaintiff argues that her daily activities are not inconsistent with her statements about her symptoms and functional limitations.

The Court concludes that Plaintiff's arguments regarding daily activities are not well taken. The case law holds that daily activities are relevant when evaluating subjective symptom allegations, even when those activities do not indicate an ability to do work in a job. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (a claimant's activities may undercut a claimant's subjective symptom testimony when inconsistent with "claims of a totally debilitating impairment"); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1225 (9th Cir. 2010); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009). Therefore, although a claimant's performance of household duties may not directly correspond to specific work tasks, they may still provide a basis for discounting subjective symptoms if the daily activities reveal more functionality than alleged. *See Valentine,* 574 F.3d at 693.

In the present case, the ALJ summarized Plaintiff's testimony regarding her subjective symptoms, including that Plaintiff "alleged she is unable to work due to pain all over her body at all her joints . . . . She further alleged having difficulty sitting, standing, and walking for longer than 15 to 30 minutes at a time before having to rest due to pain symptoms." (AR 26.) The ALJ then contrasted the alleged debilitating pain with Plaintiff's admitted ability to perform a number of daily activities, namely dress, bathe, do household chores, run errands, shop, cook, drive a car, take care of four foster children, and generally do activities around the house. (AR 27, citing AR 439, 771, 1182.) Based on this evidence, the ALJ found that Plaintiff's "daily activities are inconsistent with [Plaintiff's] statements about the alleged intensity and persistence of her purported pain symptoms, limitations, and loss of functioning." (AR 27.) The ALJ's finding is supported by substantial evidence discussed herein and cited in the decision. In addition, the ALJ specifically contrasted Plaintiff's claims about disabling, extreme pain throughout her entire body with admitted daily activities that indicate Plaintiff can do more than she claimed. While Plaintiff points to other evidence about the extent of her daily routine, the ALJ's decision accurately and fairly cited evidence in the record. That decision must be upheld – even if the evidence is susceptible to more than one rational interpretation – because the ALJ's findings are supported by substantial evidence. *See Burch*, 400 F.3d at 679.

Accordingly, the Court concludes that the ALJ properly provided a specific, clear and convincing reason for discounting Plaintiff's statements and testimony about the severity of her symptoms. *See Trevizo*, 871 F.3d at 678.

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security.

DATED: 12/30/2020

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE